UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G&G CLOSED CIRCUIT EVENTS, LLC,

            Plaintiff,

-against-

REINALDO GODINEZ, et al,

           Defendants.

**ORDER**

23-CV-03868 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Reinaldo Godinez and Dos Amigos Inc., ("Defendants") requested a pre-motion conference on July 11, 2023 seeking leave to move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 17). G&G Closed Circuit Events, LLC ("Plaintiff") filed a response in opposition on July 20, 2023. (Doc. 24). All parties appeared for a pre-motion conference on September 5, 2023. At the conference and in a written Order dated September 6, 2023, the Court dismissed the action without costs and without prejudice to restoring the action to the Court's calendar, provided the application to restore the action was made within thirty (30) days of the Court's Order and provided Plaintiff obtained a certificate of authority. (Doc. 29).

    Pending before the Court is Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), which seeks to vacate the September 6, 2023 Order dismissing the action and reinstate Plaintiff's claims against Defendants. (Doc. 34; Doc. 35). Defendants filed an opposition to Plaintiff's motion on October 17, 2023 (Doc. 38), and the motion was fully submitted upon the filing of Plaintiff's reply on October 20, 2023 (Doc. 40).

    The Complaint asserts two causes of action pursuant to 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.*, and, accordingly, is strictly based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 4). Plaintiff contends, and the Court agrees, that New York's door-

closing statute pursuant to New York Limited Liability Company Law ("LLC Law") § 808(a) does not apply to actions predicated solely on federal question jurisdiction. (Doc. 35 at 11-15). Although there is no case directly on point regarding the applicability of LLC Law § 808(a) and its ensuing registration requirements on actions brought under federal question jurisdiction, it cannot be the case that state law imposes limitations on a plaintiff commencing an action in federal court based exclusively on federal question jurisdiction. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 537-538 (1949); *see also Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735 (2d Cir. 1983).

Accordingly, Plaintiff's motion is GRANTED. The Court's September 6, 2023 Order (Doc. 29) is hereby vacated and the Complaint (Doc. 4) is reinstated. Defendants are directed to file an Answer to the Complaint within 14 days of the issuance of this Order. The Clerk of the Court is respectfully directed to (i) reopen this case; and (ii) terminate the motion sequence pending at Doc. 34.

**SO ORDERED:**

Dated:  White Plains, New York
        March 19, 2024

_____
PHILIP M. HALPERN
United States District Judge